UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. RIDGWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13 CV 289 RWS |
| | ) | |
| BANK OF AMERICA, N.A. and | ) | |
| CAROL JANE HECKENBERG, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Defendant Bank of America and Carol Jane Heckenberg's motions to dismiss Plaintiff Robert A. Ridgway's complaint for failure to state a claim under Rule 12(b)(6), or, in the alternative, to join necessary parties under Rule 19 [#20 and #27].

**I.  Background**

Louise G. Ridgway ("Louise") was the grandmother of both Plaintiff Robert A. Ridgway ("Ridgway") and Defendant Carol Jane Heckenberg ("Heckenberg"). In 1958, Louise established the Louise Ridgway Trust, and she remained the sole beneficiary of the Trust until her death in 1968. Upon Louise's death, the residue of the Trust was divided into two equal shares. One share was held in trust for the benefit of her grandson, Robert A. Ridgway, and the other share was held in trust for the benefit of her granddaughter, Carol Jane Heckenberg. The allegations of Ridgway's complaint involve the trust share granted to Heckenberg (this trust share will hereinafter be referred to as the "Trust"). Defendants Bank of America and Heckenberg are co-trustees of the Trust. The situs of the Trust is the City of St. Louis, Missouri.

The Louise Ridgway Trust granted both grandchildren the right to name his or her spouse the beneficiary of their trust interest for the spouse's life. In the event this right is not exercised,

or upon the death of the spouse if the right is exercised, the remaining assets are to be distributed to his or her respective descendants. If either grandchild dies without descendants, the remaining assets of his or her trust will be added to the trust created for the other grandchild. If both grandchildren die without descendants, the remaining assets are to be distributed free of trust to the Principia Corporation ("Principia").

Heckenberg is married and has no descendants. Heckenberg has exercised her power of appointment under the Trust to name her husband, Jack Heckenberg, the beneficiary of her trust interest upon her death. Ridgway has three children: Jill Ridgway Regan, Jeffery Ridgway, and Jonathan Ridgway ("Ridgway's children"). As a result, Jack Heckenberg, Ridgway's children, and Principia are all remainder beneficiaries of the Trust.

In November 2011, Ridgway requested from Bank of America statements accounting for the economic performance and distributions from the Trust. In December 2011, Bank of America provided Ridgway a copy of quarterly statements from 2011, which indicated that encroachments from the Trust principal were distributed to Heckenberg. Bank of America later provided Ridgway documents indicating that encroachments from the Trust principal totaling approximately $600,000 were distributed to Heckenberg from 2009 until 2012. In addition, the statements showed income distributions of approximately $500,000 paid to Heckenberg during the same time period. The statements also showed that Heckenberg was provided loans from the Trust.

On January 17, 2013, Ridgway filed suit against defendants in the Circuit of the City of St. Louis. On February 15, 2013, defendants removed the lawsuit to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Ridgway's complaint alleges that defendants breached their fiduciary duties to him when Bank of America abused its discretion by

distributing encroachments from the Trust principal to Heckenberg, and by failing to inform and report to him on the affairs of the Trust. Ridgway seeks an injunction prohibiting any further encroachments from the Trust principal being distributed to Heckenberg, an accounting of all principal encroachments from the Trust distributed to Heckenberg, and that defendants reimburse the Trust for the principal encroachments distributed to Heckenberg. Ridgway also seeks to remove defendants as trustees of the Trust.

Defendant Bank of America moved dismiss Ridgway's complaint for failure to state a claim under Rule 12(b)(6), or, in the alternative, to join necessary parties under Rule 19. Defendant Heckenberg filed a motion making these same arguments.

## II. Motion to Dismiss

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) citing Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. quoting Twombly, 550 U.S. at 555.

### B. Discussion

*Abuse of Discretion*

Defendants argue that Ridgway failed to state a claim that the Bank breached its fiduciary duties by making principal distributions to Heckenberg because the terms of the Trust gave the Bank "sole and absolute discretion" to make such distributions. Generally, "[w]here

3

discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion." Bolles v. Boatmen's Nat'l Bank of St. Louis, 255 S.W.2d 725, 732 (Mo. 1953) (quoting Restatement (Second) of Trusts §187); see also American Cancer Soc., St. Louis Division v. Hammerstein, 631 S.W.2d 858, 864 (Mo. App. 1981) ("[A] court must not interfere unless the trustee, in exercising his power, willfully abuses his discretion or acts arbitrarily, fraudulently, dishonestly or with an improper motive."). Here, Ridgway's Complaint alleges that Bank of America abused its discretion as a trustee when it distributed encroachments from the Trust principal to Heckenberg. Because Ridgway contends that Bank of America abused its discretion, judicial review is appropriate. While this issue may be ideal for summary judgment, I will deny defendants' motion to dismiss as to this ground.

*Right to Accounting*

A beneficiary with a future contingent interest in trust property has standing to bring a cause of action for an accounting of the administration of a trust against the trustee. Siefert v. Leonhardt, 975 S.W.2d 489, 492 (Mo. App. 1998). Here, Ridgway is a contingent remainder beneficiary to the Trust, and his Complaint requests an accounting of all principal encroachments paid to Heckenberg from the Trust. Because plaintiff has properly requested relief, I will deny defendants' motion to dismiss as to this ground.

**III. Motion to Join Necessary Parties**

Defendants move to join Ridgway's children, Principia, and Jack Heckenberg as necessary parties under Rule 19. Rule 19 requires that, if feasible, absent persons must be joined in an action if they are necessary to the complete adjudication of the claims at issue. Gwartz v. Jefferson Memorial Hosp, Ass'n, 23 F.3d 1426, 1428 (8th Cir. 1994). If the Court determines

4

that an outside party is necessary to the case and that the party's joinder would not deprive the Court of its jurisdiction, it must "order that the person be made a party." Fed. R. Civ P. 19(a)(2). If the person is not necessary, then the case must go forward without him and there is no need to make a Rule 19(b) inquiry. Gwartz, 23 F.3d at 1428.

Under Rule 19(a)(1)(A), a person is necessary if "in the person's absence, the court cannot accord complete relief among existing parties." Fed.R.Civ.P. 19(a)(1)(A). Under Rule 19(a)(1)(B), a person is necessary if he claims an interest relating to the subject of the action and is so situated that disposition in his absence could "(i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave any of the current parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed.R.Civ.P. 19(a)(1)(B).

Here, complete relief could be accorded to those already party to the action. However, Ridgway's children, Principia, and Jack Heckenberg are remainder beneficiaries of the Trust. See Mo.Rev.Stat. § 456.1–103(3)(a). "Generally, beneficiaries are necessary parties in suits involving trust property because they have a beneficial or equitable interest in the trust." Betty G. Weldon Revocable Truest v. Weldon, 231 S.W.3d 158, 168 (Mo. App. 2007). Because Ridgway's children, Principia, and Jack Heckenberg have an interest in the subject of this action, and it is not altogether clear that their interests will be adequately represented by those already party to the action, they are necessary parties to this action.

Joinder is feasible because Ridgway's children, Principia, and Jack Heckenberg are all subject to service of process and joinder will not destroy diversity jurisdiction. Ridgway's children and Principia are properly aligned as plaintiffs in this action. Even though Jack Heckenberg is a future beneficiary of the Trust, his interests appear to be more closely aligned

with Defendant Heckenberg.  See, e.g., Green v. Green, 218 F.2d 130, 144-45 (7th Cir. 1955) ("[P]arties should be realigned 'upon the side where their interest in and attitude to the controversy really place them.'").  Jack Heckenberg's interest in the Trust is dependent on Carol Heckenberg's revocable power of appointment.  Furthermore, as Carol Heckenberg's husband, he has likely benefitted financially from the challenged distributions made to Heckenberg, and he would likely be financially harmed if plaintiff is awarded his requested relief.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Bank of America and Heckenberg's motions to dismiss or, alternatively, to join necessary parties [#20 and #27] are **GRANTED** in part and **DENIED** in part.  The motion to dismiss are **DENIED**.  The motion to join are **GRANTED**.

**IT IS FURTHER ORDERED that**, within 30 days from the date of this Order, Plaintiff shall file an amended complaint joining Jill Ridgway Regan, Jeffery Ridgway, Jonathan Ridgway, and Principia Corporation as plaintiffs and joining Jack Heckenberg as a defendant.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2013.